UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DERON DARNELL LOVE,**

      Plaintiff,

      -vs-                                                                                             Case No. 15-CV-1456

**CAPTAIN GOODLETTE,
LT. MIKOVICH,
MILWAUKEE COUNTY JAIL STAFF,
CO WILBOURN,
CO WIKEN, and
DR. WHITE,**

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Deron Darnell Love, who is incarcerated at Dodge Correctional Institution, is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights while he was confined at the Milwaukee County Jail. This matter comes before the Court on the plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). The plaintiff has been assessed an initial partial filing fee of $66.06. See 28 U.S.C. § 1915(b)(1). He has paid $16.16, and he lacks funds to make additional payments at this time. *See* ECF No. 12; 28 U.S.C. § 1915(b)(4).

The Court shall screen complaints brought by prisoners seeking

relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement

need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

- 3 -

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint Allegations

The plaintiff was confined at the Milwaukee County Jail at all times relevant. He is suing Captain Goodlette; Lt. Mikovich; Milwaukee County Jail Staff; CO Wilbourn; CO Wiken; and Dr. White.

The plaintiff alleges that in October and November 2011, Captain Goodlette made Jail staff handcuff him and leave him in his room for weeks. Because his hands were cuffed to his waist, the plaintiff had to

- 4 -

urinate and defecate on himself which caused bumps, bruises, and rashes. The plaintiff caught an infection and suffered from pain. Captain Goodlette also had staff take the plaintiff's bed, sheets, and blankets which caused him to have neck and back pains, as well as a very bad cold and headaches. In addition, staff used excessive force on the plaintiff during this time period.

Next, the plaintiff alleges that in 2013, Lt. Mikovich forced him in a shower and then took him outside when he was still wet, just to punish him. As a result, the plaintiff got a bad cold. Lt. Mikovich also forced the plaintiff to eat nutraloaf even though he is allergic to onions, tomatoes, milk, and beans. Milwaukee County Jail staff told the plaintiff that he could either eat the nutraloaf and get sick and die, or starve. The plaintiff got sick from eating the nutraloaf.

In 2013 and 2014, CO Wilbourne kicked the plaintiff in his arms and hands three times causing injury and pain.

In October 2015, Jail staff turned the plaintiff's water off so he could not drink water or flush the toilet. The plaintiff could not drink water for days and he got dehydrated. He also got an infection because he could not flush his toilet which caused his room to be unsanitary.

- 5 -

Case 2:15-cv-01456-DEJ   Filed 05/20/16   Page 5 of 11   Document 13

The plaintiff alleges that on November 6, 2015, CO Wiken choked him and hit him on his face for no reason. CO Wiken also allegedly made the plaintiff bust his lip and his knee, and he split open his back.

From November 6 until November 21, 2015, staff tried to force the plaintiff to each nutraloaf again, even though he is allergic. The nutraloaf is making the plaintiff ill.

The plaintiff alleges that Dr. White and other "P.S.W." staff refuse to give him proper mental health treatment. They refuse to give the plaintiff the Seraquil medication he has taken previously because he is black and they want him to kill himself.

The plaintiff seeks monetary damages and injunctive relief.

Based on the Court's reading of the complaint, it appears that the plaintiff is attempting to improperly bring unrelated claims in a single case. Under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or

- 6 -

Case 2:15-cv-01456-DEJ   Filed 05/20/16   Page 6 of 11   Document 13

alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action" Fed. R. Civ. P. 20(a)(2).

The Court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, the plaintiff may not proceed on the original complaint. The plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. The plaintiff may bring any unrelated claim not pursued in this case in a separate action.

The plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended

- 7 -

complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If the plaintiff files an amended complaint, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Request to Reopen Cases and Motion to Appoint Counsel

The plaintiff has filed a document in which he requests to reopen his civil cases against the Milwaukee County Jail from 2011 and 2012. He does not indicate the case names, case numbers, or what court the cases were filed in. Even if he did, the plaintiff cannot reopen his civil case by filing the present case or by making a request in this case.

In this document, the plaintiff also moves for appointment of counsel. He states that he needs a lawyer because he does not know about civil law and because he does not have the money to pay for a lawyer.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. *Pruitt v.*

*Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

In this case, the plaintiff does not state that he attempted to find an attorney on his own. Even if the plaintiff had done that, the Court would not recruit an attorney for him because, at this stage of the proceedings, all he needs to do is file an amended complaint. The plaintiff is capable of doing that. Therefore, the Court will deny the plaintiff's motion to appoint counsel.

### **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's request to reopen

- 9 -

cases and motion to appoint counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff file an amended complaint on or before **June 20, 2016**, which contains only related claims as described in this Order.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **June 20, 2016,** that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $333.84 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined**.**

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 20th day of May, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**